**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NAM NGUYEN,

       Petitioner - Appellant,

v.

GARY GOLDER, Warden, Sterling
Correctional Facility; JOHN
SUTHERS[*], Attorney General of the
State of Colorado,

       Respondents - Appellants.

No. 04-1054
(D. Colorado)
(D.Ct. No. 03-Z-2396)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DENYING IN FORMA PAUPERIS**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), John Suthers has been substituted for Ken
Salazar as Attorney General of the State of Colorado.

Nam Nguyen applies *pro se*[1] for a certificate of appealability (COA) from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus and moves to proceed *in forma pauperis* (*ifp*) on appeal pursuant to 28 U.S.C. § 1915 and FED. R. APP. P. 24. The district court denied Nguyen's request for a COA and his motion to proceed *ifp*. There being no basis for an appeal, we also deny Nguyen's COA application and motion to proceed *ifp*.

## I. BACKGROUND

In 1996, Nguyen (who is Vietnamese) pled guilty in a Colorado state court to one count of second degree murder and was sentenced to thirty-six years imprisonment. The judgment of conviction was entered on September 9, 1996. Nguyen did not file a direct appeal. In 1999, Nguyen filed a petition for post-conviction relief in state court, which was denied. Nguyen appealed to the Colorado Court of Appeals, which affirmed the trial court's decision in October 2002. The Colorado Supreme Court denied review in June 2003.

On November 26, 2003, Nguyen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado alleging violations of the Sixth and Fourteenth Amendments and that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However,

---

[1]We liberally construe Nguyen's pro se application. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

because the petition was signed on October 29, 2003, the district court deemed it filed on that date pursuant to the prisoner mailbox rule. *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000). On December 24, 2003, the court ordered Nguyen to show cause why his § 2254 petition should not be dismissed as untimely. *See* 28 U.S.C. § 2244(d). Nguyen responded, claiming he does not speak or understand the English language and alleging the state prison hindered him from filing his petition on time by failing to provide him with a Vietnamese interpreter and/or legal materials written in Vietnamese. He asserted that because of this state-created impediment, the statute of limitations did not begin to run until January 1999, when the impediment was removed. *See* 28 U.S.C. § 2244(d)(1)(B).

On February 4, 2004, the district court denied Nguyen's petition as untimely. The court concluded Nguyen's lack of English proficiency did not warrant equitable tolling[2] and that his *Apprendi* claim was barred because *Apprendi* did not apply retroactively to cases on collateral review. Thereafter, Nguyen petitioned the district court for a COA and moved to proceed *ifp* on appeal; the court denied both motions.

---

[2] The district court did not specifically address Nguyen's argument under 28 U.S.C. § 2244(d)(1)(B).

## II. DISCUSSION

Unless we issue a COA, Nguyen may not appeal the dismissal of his § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). To make the requisite showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). "When the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With these principles in mind, we have carefully reviewed the record and the district court's order. We agree Nguyen's § 2254 petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) became effective April 24, 1996. In general, the AEDPA provides state prisoners a one-year deadline from the date their convictions become final by the conclusion of direct review in which to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1)(A). Here, Nguyen's

-4-

conviction became final on October 24, 1996;[3] and the one year period of limitations commenced the next day, October 25, 1996. Therefore, he had up to and including October 25, 1997, in which to file his § 2254 petition. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). He did not file it until October 29, 2003. Thus, absent equitable tolling or application of § 2244(d)(1)(B), his petition is untimely.

Nguyen claims he cannot read, speak or write the English language. He states that after his conviction he was sent to a prison facility in Minnesota where he was the only Vietnamese speaking inmate. He claims to have approached the prison law librarian who informed him he could not help Nguyen unless he could find a translator. According to Nguyen, he did not find a translator until January 1999, when he was transferred to a prison facility in Limon, Colorado. He alleges this lack of access to legal services and materials in Vietnamese constituted a state-created impediment under 28 U.S.C. § 2244(d)(1)(B) and violated his constitutional right of access to the courts. Therefore, under § 2244(d)(1)(B), he asserts the statute of

---

[3] Rule 4(b)(1) of the Colorado Appellate Rules provides a defendant forty-five days in which to file a direct appeal. Therefore, Nguyen's September 9, 1996 conviction became final October 24, 1996, when the time for filing a direct appeal with the Colorado Court of Appeals expired. This is true even though he did not file a direct appeal. *See* 28 U.S.C. § 2244(d)(1)(A) (the one-year limitations period shall run from "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*") (emphasis added).

limitations did not begin to run until January 1999, the date the state-created impediment was removed. In the alternative, Nguyen claims the statute of limitation should be equitably tolled during the time he was detained in Minnesota. We disagree.

Section 2244(d)(1)(B) provides an exception to the general rule that the one-year statute of limitations for filing a § 2254 habeas petition begins to run from the date the petitioner's conviction becomes final by the conclusion of direct review. This exception occurs when the state creates an impediment which prevents the petitioner from filing his petition on time. In such circumstances, the statute of limitations does not begin to run until the impediment is removed. In addition to § 2244(d)(1)(B), the one-year statute of limitations is subject to equitable tolling. *Marsh*, 223 F.3d at 1220. "However, this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.*

Neither § 2244(d)(1)(B) nor equitable tolling saves Nguyen's petition. Even if we were to commence the statute of limitations clock in January 1999, as Nguyen suggests, he still cannot account for the cumulative fourteen month delay in filing once he was moved to the Colorado facility. The record establishes that after his transfer to Colorado, Nguyen waited ten months (until October 25, 1999) to challenge his conviction and sentence in state court. After exhausting his state court

remedies in June 2003,[4] he waited an additional four months (until October 29, 2003) in which to file his federal habeas petition. Therefore, even applying all reasonable tolling, Nguyen's petition is untimely.[5]

### III. CONCLUSION

Nguyen's requests for a COA and to proceed *ifp* on appeal are **DENIED**. His motion to remand this case to the Colorado Supreme Court is also **DENIED**. This appeal is **DISMISSED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] Section § 2244(d)(2) tolls the statute of limitations during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." A petition for writ of certiorari to the United States Supreme Court is not an application for State post-conviction or other collateral review. *Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999). Therefore, the time for filing a petition for certiorari with the United States Supreme Court is not considered in the § 2244(d)(2) tolling calculation. Consequently, Nguyen's state post-conviction proceedings were final upon the Colorado Supreme Court's denial of review in June 2003.

[5] Nguyen has filed a motion to remand this case to the Colorado Supreme Court, claiming his statute of conviction is unconstitutional pursuant to *Apprendi* and *Blakely v. Washington*, 124 S.Ct. 2531 (2004). However, neither *Apprendi* nor *Blakely* are retroactive to cases on collateral review. *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding *Blakely* does not apply retroactively to convictions that were already final at the time *Blakely* was decided); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (*Apprendi* does not apply retroactively to initial habeas petitions). Thus, his motion to remand is denied.