**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUDY O. CABRERA,

Petitioner-Appellant,

v.

ARI ZAVARAS, Executive Director
of the Department of Corrections and
JOHN SUTHERS, The Attorney
General of the State of Colorado,

Respondents-Appellees.

No. 07-1342

District of Colorado

(D.C. No. 07-CV-01189-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABLITY**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

Rudy Orlando Cabrera, a state prisoner proceeding *pro se*, seeks a

certificate of appealability (COA) that would allow him to appeal from the district

court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28

U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Cabrera has failed to

make "a substantial showing of the denial of a constitutional right," we deny his

request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

**Background**

On July 13, 2001, Mr. Cabrera pleaded guilty to felony theft of an ankle bracelet transmitter, valued between $500 and $525, in Weld County District Court in Greeley, Colorado. He was sentenced to a four–year term of imprisonment to be followed by three years of mandatory probation. According to Mr. Cabrera, in September 2001, he discovered that the ankle bracelet was worth less than $500, which would make his crime a misdemeanor. He immediately filed a collateral state postconviction motion challenging the legality of his sentence. In June 2003 he filed another postconviction motion under Colo. R. Crim. P. 35(c). According to Mr. Cabrera, both motions were denied by the Colorado Supreme Court in August, 2005.

On February 10, 2006, Mr. Cabrera filed a habeas petition attacking his theft conviction pursuant to 28 U.S.C. § 2254, along with an application to proceed *in forma pauperis*. The Magistrate Judge ordered Mr. Cabrera to submit his Petition and Application on the proper court-approved forms, and to file a certified copy of his inmate trust fund account statement. Mr. Cabrera failed to do so, and his Petition was denied and dismissed without prejudice.

Mr. Cabrera filed a new habeas petition with the district court on June 6, 2007. The magistrate judge ordered Mr. Cabrera to show cause why his petition was not timed-barred. Mr. Cabrera responded on July 25, 2007. The district

court found the petition time-barred and therefore denied it. Mr. Cabrera seeks to appeal this denial.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

A criminal defendant must seek a writ of habeas corpus within one year of the date his conviction became final, or it is time-barred. 28 U.S.C. § 2244(d).[1]

_____

[1]28 U.S.C. §2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by

(continued...)

Mr. Cabrera's conviction became final on August 27, 2001, when his time to file a direct appeal expired. *See* Colo.App. R. 4(b); Colo. App.R. 26(a). He filed post-conviction motions in September 2001, which tolled the running of the statute of limitations for his habeas petition. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). The post-conviction petitions were dismissed in August 2005. Therefore, twenty months elapsed before Mr. Cabrera properly filed his habeas petition on May 29, 2007. His petition is time-barred.

Mr. Cabrera offers several arguments to excuse his late filing, none of which has merit. First, he argues that he was unable to file a habeas petition until January 30, 2007, because he was not in custody for the violation he is now challenging prior to that date. 28 U.S.C. § 2254. In August 2004, after serving three years in Colorado for his theft conviction, Mr. Cabrera was released on parole and subsequently deported to Guatemala. He was caught illegally reentering the country in 2005 and was detained in Las Cruces, New Mexico due to an active Colorado arrest warrant for his parole violation. He was sentenced for illegal reentry in May 2005, and imprisoned in California; he was extradited to Colorado upon release on January 30, 2007 because of the active warrant. It

[1](...continued)
the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

was only then that Mr. Cabrera believed he could file a habeas petition challenging his theft conviction, because he was "in custody" in Colorado.

However, Mr. Cabrera was "in custody" with respect to the theft charge, pursuant to 28 U.S.C. § 2254, while incarcerated in Las Cruces and in California. During that period, he had a detainer placed on him because of his parole violation. A detainer warrant is sufficient "custody" to confer habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Ct. of Ky*, 410 U.S. 484, 488–89 (1973); *see also Estelle v. Dorrough*, 420 U.S. 534, 536 n.2 (1975). Because Colorado placed an arrest warrant on Mr. Cabrera, he was free to file his habeas petition while in New Mexico and California.

Mr. Cabrera next claims that his untimeliness is attributable to his appellate attorney's erroneous advice. According to Mr. Cabrera, his attorney told him that he could not file a habeas petition challenging his Colorado conviction while in custody at Las Cruces. His argument sounds in principle of equitable tolling, which allows a petitioner to file a late petition if he has been diligent in pursuing his rights and can point to some extraordinary circumstance that prevented him from filing a timely petition. *See Pace,* 544 U.S. at 418; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). While we are sympathetic to the difficulties present in navigating the complexities of habeas corpus law, erroneous advice by appellate counsel is not an "extraordinary circumstance" for equitable tolling purposes. There is no right to effective assistance of counsel on habeas

corpus, *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991); therefore, any misunderstandings of the law are attributable directly to Mr. Cabrera.

Mr. Cabrera's final argument is that he was unable to file a timely habeas petition because he did not know the value of the ankle transmitter until September, 2001. Even if true, this late-acquired knowledge does not affect the time that ran between the dismissal of Mr. Cabrera's state post-conviction petitions in August 2005 and the filing of his federal habeas petition in May 2007.

## Conclusion

Accordingly, we **DENY** Mr. Cabrera's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge