**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE STEFFEY, JR.,

      Petitioner-Appellant,

v.

MARTY SIRMONS, WARDEN,

      Respondent-Appellee.

No. 07-7077

(E.D. of Okla.)

(D.C. No. 6:06-CV-00304-RAW-KEW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Petitioner Steffey asks this court for a Certificate of Appealability (COA) to appeal the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The district court denied Steffey's habeas petition as time-barred by 28 U.S.C. § 2244(d)(1)(D). Steffey has not addressed the district court's decision on the time-bar, but rather reasserts his claims on the merits.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We agree with the district court's holding that Steffey's petition for a writ of habeas corpus is time-barred under § 2244(d)(1)(D).  Accordingly, his request for a COA is DENIED.

## I.  Factual Background

In September 1996, Steffey escaped from an Oklahoma community work center where he was incarcerated.  After his capture and return to custody, he received an additional sentence of four years for the escape.  Under Oklahoma law, this conviction made Steffey ineligible for Level 3 or 4 earned credit status, designations which afford greater rights to inmates.  In the years since the escape conviction, Steffey has committed a number of acts causing the assessment of additional misconduct points, including his participation in a prison riot on July 10, 2005 which resulted in the death of an inmate, further restricting his eligibility for more favorable earned credit status.

Proceeding pro se,[1] Steffey filed a petition for writ of habeas corpus on August 3, 2006, alleging, in the words of the district court, that "his security points . . . are being applied inconsistently and in violation of the prohibition against ex post facto laws . . . [and that] his jail time in Mayes County should be

---

[1] Because Steffey proceeds *pro se*, we review his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

applied toward his sentence." R., Doc. 46 at 1.[2] Steffey claims these actions denied him eligibility for sentence reductions afforded by a higher earned credit status.

The district court found Steffey's claims to be time-barred under § 2244(d)(1)(D), which provides for a one-year statute of limitations on habeas petitions. The district court took July 10, 2005, the date of Steffey's most recent reported misconduct, as the latest possible date to toll the one-year statute of limitations, rendering Steffey's claim time-barred as of July 10, 2006. Accordingly, Steffey's habeas petition filed on August 3, 2006 was untimely. The district court noted that Steffey subsequently filed a grievance on October 10, 2006 but the statute of limitations had already run, so it was not tolled by the late filing.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2241 upon a grant of a COA. *Montez v. McKinna*, 208 F.3d 862, 868–69 (10th Cir. 2000). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows

---

[2] Steffey complains that jail time in county jail prior to his state penitentiary incarceration should be applied towards his sentence.

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Section 2244(d)(1) establishes a one-year statute of limitations for the filing of a habeas petition. Relevant here is subsection (D), which refers to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The application of this clause depends on the factual circumstances of the underlying allegations. Based on the facts alleged here, we conclude Steffey's claim is time-barred.

First, although the district court used July 10, 2005, the date of Steffey's most recent misconduct, the record discloses that the "factual predicate of the claim" arose, at best, at a much earlier date. *Id*. Steffey's only contentions in his petition arise from the reduction of earned credits from the 1996 escape and his county court time prior to that.[3] The record shows no timely effort to administratively contest his classification status as a result of these incidents. In fact, the first recorded grievance arising from the 1996 incident was not filed until July 1, 2005. This cannot be considered timely.

---

[3] The district court looked to later incidents of misconduct, including the July 10, 2005 riot, none of which were raised by Steffey in the district court, nor in his briefs on appeal. These later incidents are not before us.

Nor does Steffey contend he was unaware of the reduction in points or the adjustments to his earned credit level. To the contrary, the record shows a series of misconducts stretching back to 1998 where Steffey's earned credits were periodically adjusted pursuant to the prison's classification system. Given the nearly ten-year window between the escape incident and the filing of Steffey's habeas claim in the district court on August 3, 2006, his claim is barred by the one-year statute of limitations.

Second, we conclude Steffey did not take advantage of the administrative review process to toll the statute of limitations. In some situations, the "timely and diligent exhaustion of administrative remedies" can provide a later date for tolling the statute of limitations. *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006). Where a prisoner "timely and diligently exhausts his administrative remedies," the effective date under § 2244(d)(1)(D) "is the date that the denial of [the complainant's] administrative appeal becomes final." *Id.* at 1268–69. Nothing in the record indicates Steffey *timely* pursued and exhausted his administrative remedies.

Finally, Steffey does not qualify for equitable tolling. The one-year time-bar under § 2241(d)(1) may be subject to equitable tolling only in extraordinary circumstances. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling is appropriate where the time-bar "raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." *Id.* Here,

however, Steffey did not address equitable tolling in his brief, and the record shows his petition does not qualify. We see no reason why applying the one-year statute of limitations would raise "serious constitutional questions" or render the habeas remedy "inadequate and ineffective." *See Slack*, 529 U.S. at 484 ( "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal [is] warranted.").

### III. Conclusion

For the reasons set forth above, Steffey's request for a COA is DENIED. Steffey's motion to proceed *in forma pauperis* is also DENIED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge