**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK BRENT ANDERLOHR,

    Petitioner - Appellant,

v.

MIKE MULLEN, Warden,

    Respondent - Appellee.

No. 07-7076
(D.C. No. 06-cv-197-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Frederick Brent Anderlohr, appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291. Reviewing Mr. Anderlohr's filings liberally,[1] we hold

---

[*]    This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]    Because Mr. Anderlohr is proceeding pro se, we review his pleadings
(continued...)

that no reasonable jurist could conclude that the district court's dismissal was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr. Anderlohr's request for a COA and dismiss the appeal.

## I. BACKGROUND

On March 5, 1991, Mr. Anderlohr was paroled after serving a state sentence. He was arrested on a new charge in January of 1992. Following his arrest, in September 1992, the Governor of Oklahoma issued a certificate of parole revocation. It indicated that Mr. Anderlohr would serve the time associated with his revocation offense concurrently with the prison term imposed for the January 1992 charge. In January 1993, however, the Governor amended the parole certificate and directed that the prison time related to the revocation offense would in fact run consecutively to the prison time arising from the January 1992 charge. Mr. Anderlohr was notified of this amendment on January 5, 1993.

Mr. Anderlohr challenged the amendment of the parole certificate with the Department of Corrections Sentence Administrator and was informed by a letter dated November 22, 1996, that the Governor was legally authorized to amend his parole certificate to run the time on his revocation offense consecutively and that

---

[1](...continued)
and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

Mr. Anderlohr's sentences would be served consecutively unless the Governor further amended the parole certificate. Mr. Anderlohr unsuccessfully pursued his challenge of the parole certificate amendment in the prison grievance system in 1999 and 2000. On May 9, 2005, Mr. Anderlohr filed a state habeas petition on this issue, which was denied. The state appellate court affirmed the denial on April 18, 2006.

On May 22, 2006, Mr. Anderlohr filed this § 2241 motion with the district court. The district court dismissed his motion, finding that it was time-barred because even under the most generous interpretation of when the one-year limitations period began, Mr. Anderlohr only had until November 22, 1997, to file his federal habeas petition. The district court also noted that statutory tolling would not apply because Mr. Anderlohr did not seek state administrative or judicial relief to address the allegedly unauthorized certificate amendment until after the one-year time period had expired. Mr. Anderlohr appealed.

## II. DISCUSSION

Section 2241 petitions are subject to a one-year period of limitation. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). This limitations period begins to run on the latest of four dates, which are set out in 28 U.S.C. § 2244(d)(1). Of relevance here is the date specified in subsection (D) of that statute—that is, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28

U.S.C. § 2244(d)(1)(D). Where "a petitioner *timely* and diligently exhausts his administrative remedies," the running of the clock under this provision "does not commence until the decision rejecting his administrative appeal becomes final." *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (emphasis added); *see also Steffey v. Sirmons*, 273 F. App'x 748, 750 (10th Cir. 2008). Moreover, "[t]he one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).

The district court properly concluded that the one-year period of limitation already had run by the time Mr. Anderlohr filed his habeas petition with the district court on May 22, 2006. Mr. Anderlohr had all of the factual predicates for his claim by November 22, 1996, at the very latest.[2] On that date, he received

---

[2] Mr. Anderlohr suggests that he was not subject to the one-year limitations period until June of 2004, when he began serving his consecutive sentence related to the revocation offense, because he supposedly "could *NOT* file" a habeas action challenging the certificate that ran his sentence on this revocation offense consecutively until he actually was in custody on the offense. Pet'r's Opening Br. at 2(a). Supreme Court precedent—not cited by Mr. Anderlohr—points in a different direction. *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968) ("[A] prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c)(3)."). We note, moreover, that Mr. Anderlohr's cited federal authority does not support this suggestion. For example, one of the cases cited by Mr. Anderlohr, *Maleng v. Cook*, 490 U.S. 488 (1989), actually militates in favor of a contrary conclusion. *See id.* at 493 ("We do think, however, that respondent may challenge the sentences imposed upon him . . . even

(continued...)

the letter from the Department of Corrections Sentence Administrator informing him that his sentences were running consecutively and would continue to do so absent further amendment by the Governor. No administrative proceedings prevented this date from becoming the operative start date for the limitations clock because Mr. Anderlohr did not timely pursue administrative remedies. *See Steffey*, 273 F. App'x at 750 ("Nothing in the record indicates Steffey *timely* pursued and exhausted his administrative remedies."). Indeed, Mr. Anderlohr did not seek administrative relief until more than one year after the issuance of the Sentence Administrator's letter when, absent some form of statutory tolling, the limitations period would have expired. As the district court correctly found, there were no grounds to permit statutory tolling. In particular, Mr. Anderlohr did not

---

[2](...continued)

though he is not presently serving them."). And Mr. Anderlohr's reliance on the Seventh Circuit's decision in *Dunne v. Keohane*, 14 F.3d 335 (7th Cir. 1994), is misplaced. *Dunne* is inapposite. It simply commented upon the propriety of instituting a habeas action rather than a direct appeal from a conviction and sentence where the petitioner is challenging "the implementation of the judgment by the prison authorities" and, therefore, "the wrong if any occurred after he began serving his sentence." *Id.* at 337. *Dunne* does not purport to say anything about the running of the statute of limitations when a petitioner is challenging the imposition of a consecutive sentence. At bottom, Mr. Anderlohr knew no later than November 1996 the position of the Oklahoma Department of Corrections: that he was obliged to serve his revocation prison term consecutively to the prison term arising from his January 1992 offense. This provided a sufficient factual predicate for Mr. Anderlohr to recognize that he would need to mount a challenge if he hoped to avoid this result. Accordingly, having concluded that it is without merit, we reject Mr. Anderlohr's assertion that the limitations period did not begin to run until June 2004.

seek post conviction relief in the state courts until more than one year after the issuance of the letter.

Accordingly, Mr. Anderlohr had until November 22, 1997, to file his federal habeas corpus action. *See* 28 U.S.C. § 2244(d)(1)(D).[3] He failed to do so. Therefore, reasonable jurists could not disagree with the district court's conclusion that Mr. Anderlohr's habeas action is time-barred.

Accordingly, we **DENY** Mr. Anderlohr's request for a COA and dismiss the appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[3] Although the district court did not discuss equitable tolling, § 2244 can be tolled for equitable reasons. However, "we have limited equitable tolling of the one-year limitations period to rare and exceptional circumstances." *Burger*, 317 F.3d at 1141 (internal quotation marks omitted). Our own review of the record indicates that no such circumstances are present here. Accordingly, equitable tolling does not apply.