**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PANFILO PEREZ,

     Petitioner - Appellant,

v.

JANET DOWLING, Warden, JCCC,

     Respondent - Appellee.

No. 15-6111
(D.C. No. 5:14-CV-01271-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Panfilo Perez, an Oklahoma state prisoner, seeks a Certificate of Appealability

(COA)[1] to enable him to appeal the district court's order dismissing his petition for a

writ of habeas corpus as time barred under the Anti-Terrorism and Effective Death

Penalty Act (AEDPA), 28 U.S.C. § 2244(d). The district court also denied Perez's

motion for permission to proceed in forma pauperis.

We may issue a COA only if the petitioner makes "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, a petitioner must

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A).

show that reasonable jurists could differ as to whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Despite viewing his pro se pleadings generously, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), we conclude that Perez has not satisfied his burden. Reasonable jurists could not debate the correctness of the district court's dismissal. Therefore, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we DENY his request for a COA and his motion to proceed in forma pauperis and DISMISS this appeal.

## BACKGROUND

On November 4, 2002, a jury convicted Perez on drug-trafficking charges. For this crime, the district court later sentenced him to sixty years of imprisonment and a $100,000 fine. On September 18, 2003, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Perez's conviction on appeal. He did not file a petition for certiorari in the United States Supreme Court.

The following timeline outlines the proceedings that followed:

- August 18, 2004: Perez filed his first request for post-conviction relief, which was denied on September 20, 2005, and he appealed to the OCCA.
- March 15, 2006: The OCCA reversed and remanded to the district court for further post-conviction proceedings.
- August 14, 2006: Following evidentiary hearings, the district court denied relief.
- September 13, 2006: Perez improperly filed an appeal of the district court's post-conviction ruling from August 14, 2006, as a second application for post-conviction relief.
- July 19, 2007: Perez filed an application to appeal out of time the district court's August 14, 2006 ruling.
- March 3, 2008: The district court recommended granting Perez's appeal out of time, noting that he improperly attempted to appeal on September 13, 2006.

2

- March 27, 2008: The OCCA affirmed the district court's August 14, 2006 ruling denying relief.
- April 14, 2009: Perez moved to modify his sentence, which the district court denied on April 23, 2009.
- May 29, 2013: Perez filed a second application for post-conviction relief, which the court denied on June 7, 2013.
- July 16, 2013: Perez filed an appeal to the OCCA, which the OCCA denied on July 31, 2013, because Perez did not appeal within 30 days.
- August 2, 2013: Perez filed an application for appeal out of time in the district court, which the district court recommended on August 13, 2013.
- October 21, 2013: The OCCA granted Perez's request for post-conviction appeal out of time.
- March 21, 2014: The OCCA affirmed the district court's June 7, 2013 order denying relief.

This takes us to Perez's federal habeas petition now before us. On November 13, 2014, Perez filed his request for habeas relief. In response to the habeas petition, the government filed a motion to dismiss Perez's petition as time barred, along with a supporting brief. Perez then filed his objections to the motion, as well as a motion for a "habeas corpus hearing, discovery and the appointment of counsel." R. vol. I at 198. The district court referred the matter to a magistrate judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), and the magistrate, in a lengthy and thorough Report and Recommendation, recommended that Perez's petition be denied. The district court adopted the recommendation and dismissed Perez's petition as time barred. After Perez filed two motions for reconsideration, both of which the district court denied, this appeal followed.

## DISCUSSION

A petitioner must obtain a COA before he can appeal the denial of any final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1); *Steffy v. Sirmons*, 273 F.

3

App'x 748, 749–50 (10th Cir. 2008) (unpublished) ("The [AEDPA] conditions a petitioner's right to appeal a denial of habeas relief under § 2241 upon a grant of a COA."). To receive a COA, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "We review de novo the district court's dismissal of [Perez's] habeas petition as time-barred under § 2244(d)." *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006). However, "we review the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

AEDPA subjects a habeas action to a one-year period of limitation. *See* 28 U.S.C. § 2244(d). The period runs from the latest of four possible dates. *Id.* § 2244(d)(1). Reviewing his pro se petition generously, Perez's case may implicate three of the four dates: the conclusion of his direct review, a constitutional right newly recognized by the Supreme Court, and the discovery of the factual predicate of the habeas claim. The limitation period "may be tolled, however, during the pendency of any 'properly filed application for State post-conviction or other collateral review.'" *Robinson*, 443 F.3d at 720 (quoting 28 U.S.C. § 2244(d)(2)). We address each possibility, as well as tolling, in turn.

4

**A. Conclusion of Direct Review**

Section 2244(d)(1)(A) of the AEDPA provided Perez with one year from the date when his judgment became final to file his petition for writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). Direct review does not conclude for purposes of § 2244(d)(1)(A) until the "availability of direct appeals to state courts, and to [the Supreme] Court, has been exhausted." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations omitted).

Perez timely appealed his conviction to the OCCA, and that court affirmed the conviction on September 18, 2003. Because he did not file a certiorari petition in the 90-day period available to do so, his conviction became final on December 17, 2003. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (stating that for purposes of § 2244(d)(1)(A), the judgment becomes final, "if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed"). The one-year period of limitations thus began to run the next day: December 18, 2003. So Perez had until December 20, 2004, to file his § 2254 petition (allowing for Saturday and Sunday). Thus, if we go by the date on which his direct review concluded, his habeas petition filed on November 12, 2014, was untimely by about ten years.

5

**B. Newly Recognized Constitutional Right**

Where the Supreme Court recognizes a new constitutional right, § 2244(d)(1)(C) provides that the statute of limitations for habeas petitions may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Perez argues that he is "entitled to relief due to a [change in the law] and the benefits of the new rulings in state court and federal court." Appellant's Combined Opening Br. & Appl. for COA at 12 (alteration in original). Reading his brief liberally, we construe this argument to be that § 2244(d)(1)(C) should apply to his case. In support of his argument, Perez cites *Rodriguez v. United States*, 135 S. Ct. 1609 (2015).

In *Rodriguez*, the Court held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 135 S. Ct. at 1612. The opinion was issued on April 21, 2015—one day before Perez filed his objection to the magistrate judge's Report and Recommendation. Because Perez did not bring it to the court's attention in his objection, the court did not address it in its order. But he did raise it in what was interpreted as a motion for reconsideration. In denying his motion for reconsideration, the district court concluded that "even if the Supreme Court newly recognized a constitutional right in *Rodriguez*, that right is not retroactively applicable to this case." R. vol. I at 238. And because it was inapplicable to the case, the district court held that § 2244(d)(1)(C) does not apply.

6

Whether § 2244(d)(1)(C) applies depends on whether *Rodriguez* asserted a "newly recognized" right. Though the district court assumed that *Rodriguez* announced such a right, we are not as quick to do so.

The Court was clear in *Rodriguez* that the opinion did not announce a "new" law—rather, the Court "adhere[d] to the line drawn in [*Illinois v. Caballes*, 543 U.S. 405 (2005)]." *Rodriguez*, 135 S. Ct. at 1612. Thus, rather than newly recognizing a constitutional right, *Rodriguez* simply applied existing law. In explaining its holding, the Court even quoted *Caballes*: "A seizure justified only by a police-observed traffic violation . . . 'become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission' of issuing a ticket for the violation." *Rodriguez*, 135 S. Ct. at 1612 (alterations in original) (quoting *Caballes*, 543 U.S. at 407). In its analysis, the Court further explained that after it announced the limit on traffic stops in *Caballes* (which also addressed a dog sniff), it "repeated that admonition in [*Arizona v. Johnson*, 555 U.S. 323 (2009)]: The seizure remains lawful only 'so long as [unrelated] inquiries do not measurably extend the duration of the stop.'" *Rodriguez*, 135 S. Ct. at 1615 (second alteration in original) (quoting *Johnson*, 555 U.S. at 333).

Thus, because *Rodriguez* did not pronounce a "newly recognized" "constitutional right . . . recognized by the Supreme Court," and Perez has not identified any other cases that may have done so, § 2244(d)(1)(C) does not apply to his case.

7

**C. Discovery of Factual Predicate of the Habeas Claims**

Finally, § 2244(d)(1)(D) provides that the limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." We cannot discern anywhere Perez addressed this subsection in his brief before us. Normally, we would consider Perez to have waived any argument that he failed to raise on appeal. *See, e.g.*, *United States v. Pursley*, 577 F.3d 1204, 1232 n.18 (10th Cir. 2009) ("Because [the defendant] failed to raise these arguments on appeal, we deem them to be waived."). But out of an abundance of caution and leniency for his pro se brief, we will address this possible start date for the running of the statute of limitations.

In his objections to the government's motion to dismiss, Perez asserted that "he did not know anything of or about a federal statute, AEDPA until [the government filed the] motion to dismiss." R. vol. I at 166. He said that "he still does not understand this and is confused and mixed up." *Id.* But he listed May 2013 as the "date of discovery." *Id.* In doing so, however, he simply identified it as the date of discovery of his legal claims—not the factual background to support them. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (explaining that § 2244(d)(1)(D) concerns only the alert to the "*factual* basis for [a defendant's] claim" (emphasis in original)). And even if we were to accept May 2013 as the date of some sort of factual revelation, Perez still failed to file his § 2254 petition within one year—he filed it in November 2014. Thus, § 2244(d)(1)(D) does not apply.

**D. Statutory or Equitable Tolling**

Because none of the other subsections apply, Perez's case must be governed by § 2244(d)(1)(A), which would indicate that Perez needed to file his habeas petition no later than December 20, 2004, absent statutory or equitable tolling. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here, Perez properly filed a petition for collateral review in state court.

Perez filed his first application for post-conviction relief on August 18, 2004, thereby tolling his one-year period with 125 days remaining. *See* § 2244(d)(2). Therefore, the statute of limitations period was tolled while that petition was pending, until March 27, 2008, when the OCCA affirmed the district court's August 14, 2006 ruling denying relief on the merits.[2] Thus, the statute of limitations period was extended 125 days from March 27, 2008, or until July 30, 2008. Perez's motion to modify sentence and his second application for post-conviction relief were both filed after the statute of limitations for his habeas petition had passed. Thus, they have no effect on our analysis. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

---

[2] There is some debate as to whether the statute of limitations was tolled through September 13, 2006, or March 27, 2008. It depends on whether Perez *properly* filed his September 13, 2006 appeal. Ultimately, because it does not change the outcome of the analysis, we go with the latter date.

9

Because Perez failed to file his habeas petition by July 30, 2008, when the statutory tolling period concluded, Perez's habeas petition was timely only if equitable tolling applies. This, however, is "a remedy suitable only in extraordinary circumstances." *Id.* (internal quotation marks omitted). Perez bears the burden of "show[ing] both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *Id.* In this case, the district court did not abuse its discretion in concluding that Perez failed to meet his burden—equitable tolling does not apply.

Although he made several arguments about ineffective assistance of counsel and his unawareness of the AEDPA-tolling period, nothing in his brief rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. He argued, "I cannot speak English. I am Mexican-Latino. I am not American! I can[']t get help here a lot." Appellant's Combined Opening Br. & Appl. for COA at 5. He also said that his lawyer "[took] advantage of [him] because [he is] Latino." *Id.* at 9. While we can sympathize with Perez's alleged difficulty with his legal counsel and navigating the habeas process as a non-English speaker, he has not identified an extraordinary circumstance. "There is no right to effective assistance of counsel on habeas corpus," and "any misunderstandings of the law are attributable directly to [Perez]." *Cabrera v. Zavaras*, 261 F. App'x 102, 105 (10th Cir. 2008) (unpublished). Moreover, it is beyond question that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted).

Moreover, even if we were to consider his issues with counsel and his language barrier an extraordinary circumstance, Perez has not shown that he has diligently pursued his federal claims. He said that he "should not have been deemed procedurally barred from relief due to his diligence." Appellant's Combined Opening Br. & Appl. for COA at 9. But Perez was required to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). That he failed to do. Equitable tolling does not apply.

CONCLUSION

In sum, reasonable jurists could not debate the correctness of the district court's dismissal. Therefore, we DENY his request for a COA and the motion to proceed in forma pauperis and DISMISS this appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge

11