**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RUBEN ARAGON,

    Petitioner - Appellant,

v.

DEAN WILLIAMS, Executive Director,
C.D.O.C.; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

    Respondents - Appellees.

No. 20-1188
(D.C. No. 1:19-CV-01811-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner, a Colorado state prisoner proceeding pro se, filed a habeas petition

pursuant to 28 U.S.C. § 2254 in the District of Colorado asserting a violation of his

Fourteenth Amendment due process rights based on an alleged breach of his plea

agreement. The district court dismissed Petitioner's application as untimely and denied

him a certificate of appealability ("COA"). Now, Petitioner seeks a COA before this court.

If the district court denies a habeas petition on procedural grounds without reaching

the petitioner's underlying constitutional claim, a COA will issue when the petitioner

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

shows "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and* "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The petitioner must satisfy both parts of this threshold inquiry before we will hear the merits of the appeal. *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000).

For the reasons explained below, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Petitioner's claims are indisputably time-barred under 28 U.S.C. § 2244(d), and he is not eligible for equitable tolling. Therefore, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Petitioner's application for a COA and dismiss this appeal.

\* \* \*

To understand why Petitioner's claims are time-barred, we must briefly address the factual basis for his claims. In 1997, Petitioner pleaded guilty to one count of distribution of a controlled substance in the District of Colorado. The district court sentenced him to 120 months' imprisonment, to run consecutively to the Kentucky state sentence Petitioner was currently serving. The district court was silent as to whether the federal sentence would run consecutively or concurrently to any future sentences Petitioner might receive.

Thereafter, in 1998, Petitioner pleaded guilty to one count of second-degree murder and one count of distribution of a controlled substance in Colorado state court. The judgment provided that Petitioner would serve 48 years' imprisonment for second-degree murder and 22 years' imprisonment for distribution of a controlled substance. The

2

judgment "ordered or recommended" that the sentences run consecutively to each other and concurrently with Petitioner's Kentucky state sentence and federal sentence.

On June 20, 2019—more than ten years after his Colorado state conviction became final—Petitioner filed this action. Petitioner claims he recently learned the federal court determines whether its sentences run concurrently or consecutively to a state sentence. And "if a federal sentence is silent as to whether it is imposed concurrently or consecutively . . . the federal sentence automatically defaults to being consecutively imposed." Because Petitioner's federal sentence is silent as to whether it would run concurrently or consecutively to any future sentence, Petitioner asserts the federal sentence will be served consecutively to his Colorado state sentence. This, he argues, violates his Colorado state court plea agreement which "promised" him that his state sentence would run concurrently to any federal sentence. The district court dismissed the petition as time-barred.

* * *

The Antiterrorism and Effective Death Penalty Act of 1996 prescribes a one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). Generally, the one-year period will run from the date on which the judgment becomes final. *See Nguyen v. Golder*, 133 F. App'x 521, 523 (10th Cir. 2005) (unpublished); 28 U.S.C. § 2244(d)(1)(A). Petitioner acknowledges more than one year has passed since his conviction became final in 1998. Petitioner nonetheless argues he timely filed his habeas petition because he filed the petition within one year of the removal of a state-created impediment.

Under 28 U.S.C. § 2244(d)(1)(B), when the state creates an impediment that prevents the petitioner from filing on time, the one-year limitation does not begin to run

3

until the impediment is removed. *Id.* In this case, Petitioner contends the Government "hoodwinked" him and promised him something the state could not guarantee—that his Colorado state sentence would run concurrently to his federal sentence. Petitioner argues this alleged fraud constitutes a state-created impediment to timely filing, and that this impediment was not removed until he learned of the fraud in 2017. Petitioner's claim is without merit.

A review of our case law shows 28 U.S.C. § 2244(d)(1)(B) typically applies when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library. *See Garcia v. Hatch*, 343 F. App'x 316, 318 (10th Cir. 2009) (unpublished) (collecting cases). We have further held the state-created impediment must have actually prevented the inmate from filing his application. *Id.* at 319. In this case, assuming arguendo the state fraudulently induced Petitioner's plea, Petitioner makes no claim that he was unable to discover the alleged fraud because, for instance, he did not have access to his legal materials or a law library. No state action actively prevented Petitioner from learning his state sentence would run consecutively to his federal sentence. In fact, the state court judgment that Petitioner attached to his pleadings merely "recommended" that his state sentence run concurrently with his federal sentence. The fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until 2017 is not attributable to the state. Accordingly, Petitioner's habeas application is not timely filed under 28 U.S.C. § 2244(d)(1)(B).

Petitioner alternatively suggests his petition is timely under 28 U.S.C. § 2244(d)(1)(D). Under this subsection, a habeas petition may be brought within one year

4

of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The test under § 2244(d)(1)(D) is not when the petitioner obtained actual knowledge of the basis for his claims, but rather the date on which the factual predicate of the claim *could have been discovered* through the exercise of due diligence. *Id.*

Here, the factual predicate underlying Petitioner's claim—that his state and federal sentences are consecutive—was discoverable on the day Petitioner's state court conviction became final. At that time, Petitioner had already been sentenced in federal court. Thus, he could have known then that his federal sentence was silent as to whether it would run consecutively or concurrently to future state sentences. He also could have known that his state court judgment merely "recommended" his state sentence run concurrent to his federal sentence. While Petitioner only recently learned of the *legal implications* of his federal sentence, the *factual predicate* existed over ten years ago. *See Perez v. Dowling*, 634 F. App'x 639, 644 (10th Cir. 2015) (explaining § 2244(d)(1)(D) concerns the factual, not legal, basis for an inmate's claims). Accordingly, Petitioner's claims are time-barred under 28 U.S.C. § 2244(d)(1)(D).

Finally, although we conclude Petitioner's habeas application is untimely under 28 U.S.C. § 2244(d)(1), we must decide whether Petitioner is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As a result, equitable tolling is

5

only available in rare and exceptional circumstances, and "a garden variety claim of excusable neglect is not enough." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In this case, Petitioner does not present any extraordinary circumstance that stood in his way of discovering his state and federal sentences would run consecutively. We have held that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Petitioner's only claim for equitable tolling is that he did not realize his federal sentence would run consecutively to his state sentence until he spoke with his case manager in 2017. Although Petitioner's belated realization might amount to excusable neglect, it is insufficient to support equitable tolling. Thus, Petitioner is not entitled to equitable tolling.

\* \* \*

For all these reasons, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Petitioner's claims are time-barred, and he is not eligible for equitable tolling. Therefore, we deny Petitioner's application for a COA and dismiss this appeal. Petitioner's motion to proceed IFP is granted.

Entered for the Court

Bobby R. Baldock
Circuit Judge

6