FILED
United States Court of Appeals
Tenth Circuit

February 3, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KERRY MINOR,

     Petitioner - Appellant,

v.

CHAPDELAINE, Warden; CYNTHIA
COFFMAN, the Attorney General of the
State of Colorado,

     Respondents - Appellees.

No. 16-1376
(D.C. No. 1:16-CV-01827-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH** and **BALDOCK**, Circuit Judges.[**]
_____

    Appellant Kerry Minor, a Colorado state prisoner, seeks a certificate of

appealability (COA) allowing him to appeal the district court's dismissal of his

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Neil Gorsuch considered this matter originally but did not participate in its final resolution. The practice of this Court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving this matter. *See* 28 U.S.C. § 46(d); *see also United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir. 1997) (noting that this Court allows the remaining panel judges to act as a quorum in resolving an appeal); *Murray v. Nat'l Broad. Co.*, 35 F.3d 45, 48 (2nd Cir. 1994), *cert. denied*, 513 U.S. 1082 (1995) (holding that the remaining two judges of the original three judge panel could decide a petition for rehearing without the third judge).

application for a writ of habeas corpus under 28 U.S.C. § 2254. But we just do not see how we may grant him one.

Specifically, we agree with the district court that Appellant's application is untimely under 28 U.S.C. § 2244(d), and we do not believe this conclusion is debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that courts of appeals should grant COAs for habeas applications the district court dismissed on procedural grounds when, among other requirements, "the prisoner shows . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). Section 2244(d)(1) teaches that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This period began to run on the date Appellant's state-court judgment became final for the purposes of § 2244(d), which, in his case, was February 12, 2007. *See id.* § 2244(d)(1)(A). Obviously enough, Appellant thus had until February 12, 2008, to file his application in the district court.

But Appellant did not file his application until July 14, 2016—over eight years from the day the one-year limitation period ran in full. Appellant's application is therefore untimely under § 2244(d) unless some other statute or legal principle tolled the one-year limitation period. One potential avenue is § 2244(d)(2), which requires tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

2

judgment or claim is pending." And to be sure, Appellant filed post-conviction motions for relief in Colorado state court that concluded just recently.

Even so, the timing *when* Appellant filed his motions for post-conviction relief in Colorado state court matters greatly, for "[o]nly state petitions for post-conviction relief filed *within the one year* allowed by [§ 2244(d)(1)] will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (emphasis added). Appellant, however, filed his very first motion for post-conviction relief in Colorado state court on November 13, 2009, which was nearly two years after February 12, 2008. Appellant thus cannot rely on § 2244(d)(2) to toll the one-year limitation period.

Alternatively, since the one-year limitation period is not jurisdictional in nature, the doctrine of equitable tolling could possibly salvage Appellant from § 2244(d)'s time requirement. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (holding that § 2244(d) "is subject to equitable tolling"). Equitable tolling requires that Appellant show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As far as we can tell, the only potential argument Appellant makes in support of this doctrine is that he filed his November 13, 2009 state motion for post-conviction relief within the time limitation set by Colorado law—i.e., a limitation that is not constrained to one year— and he therefore should be excused from filing an untimely application for federal habeas relief in the district court.

3

But in light of our precedent that state post-conviction motions filed after § 2244(d)'s one-year limitation period has expired have no bearing on the timeliness of a petitioner's federal habeas application, *see, e.g.*, *Clark*, 468 F.3d at 714, we do not believe Appellant's alleged diligence in state court could or should cure his lack of diligence in federal court even for the purposes of equitable tolling. And in any event, even if we were to generously assume Appellant was diligent, we are at a loss in identifying what extraordinary circumstance may have stood in his way to *prevent* timely filing of his federal application. We thus see no reason to equitably toll the one-year limitation period.

Because we cannot decipher any reason to toll § 2244(d)'s one-year limitation period, we agree with the district court that Appellant's § 2254 application for a writ of habeas corpus is untimely for substantially the same reasons outlined in its August 29, 2016 order. We also believe it is overwhelmingly clear that no reasonable jurist could find the timeliness of Appellant's application to be debatable. We therefore deny his request for a COA and dismiss this matter. Appellant's motion for leave to proceed *in forma pauperis* is likewise denied.

Entered for the Court


Bobby R. Baldock
Circuit Judge

4