FILED
United States Court of Appeals
Tenth Circuit

July 28, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARCUS E. LOLAR,

     Petitioner - Appellant,

v.

SCOTT CROW,

     Respondent - Appellee.

No. 19-5084
(D.C. No. 4:18-CV-00397-TCK-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

     Petitioner Marcus E. Lolar, an Oklahoma state prisoner proceeding pro se,

applied for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254.

But the district court determined that Petitioner had not filed his application within

the requisite one-year limitations period. See 28 U.S.C. § 2244(d)(1) ("A 1-year

period of limitation shall apply to an application for a writ of habeas corpus by a

person in custody pursuant to the judgment of a State court."). And so the district

court dismissed Petitioner's application as untimely. Petitioner, however, believes

that his application *was* timely. He thus asks us for a certificate of appealability

_____

     [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(COA) so that he may formally challenge the district court's take on his § 2254 application.[1]

The problem is that when a district court disposes of a § 2254 application on procedural grounds, we may grant a COA only when "the prisoner shows . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner cannot satisfy that standard: the district court's decision on timeliness was correct, and that conclusion is not debatable.

To understand why, first consider that the one-year limitations period began to run from the day that the judgment against Petitioner "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] That day was July 20, 2015: the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction and sentence on April 21, 2015; he

---

[1] After the district court dismissed his § 2254 application as untimely, Petitioner moved for relief from the district court's judgment under Federal Rule of Civil Procedure 60(b). The district court ultimately denied that motion, but Petitioner has not tried to appeal that denial. We therefore do not consider any of the arguments that Petitioner raised in his Rule 60(b) motion below. See, e.g., Spitznas v. Boone, 464 F.3d 1213, 1217–18 (10th Cir. 2006) ("If the district court correctly treated the motion (or any portion thereof) as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a certificate of appealability (COA) before proceeding with his or her appeal."); Stouffer v. Reynolds, 168 F.3d 1155, 1172 (10th Cir. 1999) ("[A]bsent his filing an amended notice of appeal or second notice of appeal, we lack jurisdiction to consider Petitioner's claim the district court erred in failing to grant [his Rule 60(b) motion].").

[2] Section 2244(d)(1) lists three other dates on which the statutes of limitations can begin to run, but none of those dates apply today.

2

never sought any further direct review from the Supreme Court of the United States; so his conviction became final ninety days later—again, July 20, 2015—when his time for seeking that further review expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that a "judgment becomes final" under § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme Court]"—that is, the time to petition for certiorari—"expires"); see also Sup. Ct. R. 13.1 (requiring a party to petition for certiorari "within 90 days after entry of the judgment"). Without some form of tolling, the one-year limitations period started to run the next day on July 21, 2015, which means that Petitioner had through July 21, 2016, to apply for § 2254 habeas relief in federal district court. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (observing that the limitations period under § 2244(d)(1) begins on the day after the judgment becomes final and ends exactly one year later on the same day).

But Petitioner did not file his § 2254 petition until July 30, 2018—over two years after the default limitations period expired. So again, unless Petitioner can show that "some other statute or legal principle tolled the one-year limitation[s] period," the district court was correct to conclude that his § 2254 application was untimely. Minor v. Chapdelaine, 678 F. App'x 695, 696 (10th Cir. 2017) (unpublished).

Petitioner recognizes as much and suggests that 28 U.S.C. § 2244(d)(2) can come to his rescue. Under that statute, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

3

pertinent judgment or claim is pending shall not be counted toward" the one-year

limitations period. 28 U.S.C. § 2244(d)(2). And as Petitioner correctly notes, he

"properly filed" at least two applications for postconviction relief in Oklahoma state

court before the default limitations period expired on July 20, 2016: one on June 22,

2015, and the other on April 22, 2016.[4] See Artuz v. Bennett, 531 U.S. 4, 8 (2000)

("[A]n application is 'properly filed' when its delivery and acceptance are in

compliance with the applicable laws and rules governing filings." (emphasis in

original omitted)); Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only

state petitions for post-conviction relief filed within the one year allowed by

[§ 2244(d)(1)] will toll the statute of limitations."). Thus, because Petitioner believes

that the second of those state applications—the one he filed on April 22, 2016—is

still pending in Oklahoma state court, he likewise believes that § 2244(d)(2) is still

tolling part of the one-year limitations period. And of course, if the one-year

limitations period has not expired in its entirety to this day, Petitioner claims that his

§ 2254 application must have necessarily been timely.

Although Petitioner's reasoning would be correct if it was grounded in fact, his

April 22, 2016 application is not still pending in Oklahoma state court. Indeed, on

August 31, 2016, the OCCA affirmed a lower state court's order that had denied both

---

[4] Petitioner has filed many other motions in Oklahoma state court. But none of those motions affect tolling under § 2244(d)(2) or any other legal principle, so we refrain from discussing them.

4

Petitioner's June 22, 2015 and April 22, 2016 applications.[5] So in the absolute best-case scenario for Petitioner, § 2244(d)(2) tolled the one-year limitations period until August 31, 2016—the day the OCCA issued its final ruling on Petitioner's applications for state postconviction relief. By extension, Petitioner thus had through September 1, 2017, to apply for a writ of habeas corpus in federal district court under § 2254. Harris, 642 F.3d at 906 n.6. Under that reconfigured limitations period, Petitioner's § 2254 application—which, as a reminder, he filed on July 30, 2018—was still nearly a year late.

Undeterred, Petitioner retorts that even if the OCCA technically disposed of his state applications for postconviction relief on August 31, 2016, nobody realized it at the time. Petitioner notes, for example, that nearly a year later in July 2017, the Attorney General of Oklahoma represented that Petitioner's April 22, 2016 state application "appear[ed] to still be pending in the State district court." Similarly, in

---

[5] Petitioner believes that when the lower state court denied those applications, the court managed to do so only because it had "improperly lumped" his April 22, 2016 application in with his June 22, 2015 application. From that belief, Petitioner makes the curious jump in logic that the Oklahoma state courts have never adjudicated his April 22, 2016 application "on the merits." And in Petitioner's view, if the state courts have never adjudicated his April 22, 2016 application on the merits, that application must still be pending in Oklahoma state court.

Although we follow Petitioner's line of thought, we cannot endorse it. No matter if the Oklahoma state courts adjudicated his April 22, 2016 application on the merits, they did adjudicate it in some way or another by August 31, 2016. Merits or no merits, that application was thus no longer pending in Oklahoma state court as of that date. We need no other details about the state courts' decision-making processes to calculate tolling under § 2244(d)(2).

5

May 2018, Petitioner points out that the OCCA ordered an Oklahoma state district court to determine whether Petitioner's April 22, 2016 state application was still pending. And finally, Petitioner observes that as late as October 2018—several months after he filed his § 2254 application—another federal district court suggested in a different action that Petitioner's April 22, 2016 state application may have still been pending. In short, even the trained lawyers and legal entities—the government, the Oklahoma state courts, and at least one federal district court—seemed confused about the procedural posture of Petitioner's state application. And given that confusion, Petitioner argues that we should not penalize him—a pro se "layman of the law"—for likewise believing that his April 22, 2016 application was still pending.

We take Petitioner's argument as a request to equitably toll the one-year limitations period based on the uncertainty surrounding his April 22, 2016 application. See Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that § 2244(d) "is subject to equitable tolling"). Equitable tolling is available when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

But even if we were to assume that Petitioner has diligently pursued his rights, we do not see how the unclear status of his April 22, 2016 state application was an extraordinary circumstance that stood in the way of a timely § 2254 federal application. Although everybody's general confusion about Petitioner's April 22, 2016 state application may have led Petitioner to *believe* he had more time to file his

6

§ 2254 federal application, that confusion did not *prevent* Petitioner from applying for § 2254 relief at an earlier date. In fact, Petitioner filed an earlier § 2254 application on November 11, 2016—well within the one-year limitations period after factoring in the statutory tolling period under § 2244(d)(2)—but he voluntarily asked the federal district court to dismiss that application before the court could rule on it.[7] That prior attempt at federal habeas relief proves that Petitioner had the ability to timely file a § 2254 application even as everybody else tried to sort out the posture of his April 22, 2016 state application. This scenario thus seems to be akin to "a simple miscalculation that leads to . . . miss[ing] a filing deadline," which "does not warrant equitable tolling." Id. at 651–52; see also Al-Yousif v. Trani, 779 F.3d 1173, 1179 (10th Cir. 2015) ("Equitable tolling is a rare remedy to be applied in unusual circumstances . . . ." (quoting Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008))).

In the end, we therefore agree with the district court that Petitioner filed the § 2254 application at issue today after the one-year limitations period had expired. In coming to that conclusion, we realize that even the attentive reader may have a difficult time keeping track of the many dates we list above. Even so, we are ultimately satisfied that no reasonable jurist could debate the timeliness of

---

[7] As a side note, Petitioner's earlier § 2254 application from November 11, 2016 had no tolling effect itself under § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 181 (2001) ("[W]e are convinced that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition."). The only statutory tolling under § 2244(d)(2) stems from Petitioner's June 22, 2015 and April 22, 2016 state applications for postconviction relief.

Petitioner's application.  We thus DENY Petitioner's request for a COA and DISMISS this matter.   We likewise DENY Petitioner's motion for leave to proceed *in forma pauperis* and DENY AS MOOT his motion for leave to correct or modify the record.

Entered for the Court

Joel M. Carson III
Circuit Judge