**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMMY LEE GREEN,

    Petitioner - Appellant,

v.

GLYNN BOOHER, Warden,

    Respondent - Appellee.

No. 02-6019
(D. C. No. 01-CIV-1357-L)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Tommy Lee Green, appearing pro se, seeks a certificate of appealability (COA) to pursue his appeal of the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Determining that the district court correctly dismissed the petition as untimely, we deny his application and dismiss the appeal.

In 1996, Mr. Green pleaded guilty to and was sentenced for seven drug and firearms counts. He did not appeal. On August 17, 1999, the state filed a motion for a nunc pro tunc order, requesting correction of a clerical error in the judgment and sentence. On January 12, 2001, Mr. Green filed an application for post-conviction relief in the District Court of Oklahoma County. The court denied the application, and this denial was affirmed on appeal on July 5, 2001. On August 27, 2001, Mr. Green filed his application for a writ of habeas corpus, arguing, along with several claims relating to the original proceedings, that the nunc pro tunc order violated his constitutional rights. Respondent moved for dismissal of the petition as untimely. The district court, adopting the magistrate's report and recommendation, denied the application as untimely.

Under the Anti-terrorism and Effective Death Penalty Act (AEDPA), a one-year limitation period applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In this case, the limitation period started to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2244(d)(1)(D). Mr. Green states that he learned of the nunc pro tunc order on September 1, 1999, and

we therefore treat that as the applicable date for purposes of this appeal.[1]  Thus, absent tolling, the limitation period expired on September 1, 2000, several months before Mr. Green sought post-conviction relief in state court.

A properly filed application for post-conviction review in state court tolls the limitation period.  28 U.S.C. § 2244(d)(2).  However, Mr. Green's state application could not toll the federal limitation period, because he did not file it until after the one-year period had expired.

Mr. Green argues that the limitation period should be equitably tolled, because he was pursuing administrative remedies and was therefore prevented from pursuing his federal claims.  Equitable tolling applies "only in rare and exceptional circumstances," such as actual innocence or uncontrollable circumstances that prevent timely filing.  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted).  "Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling."  Id.

Mr. Green cannot satisfy the standard for equitable tolling.  While AEPDA requires exhaustion of state judicial remedies, 28 U.S.C. § 2254(b)(1)(A), it does

---

[1] This is the latest date on which the limitation period may have begun.  As the magistrate noted, the date may in fact be earlier for some of petitioner's claims.

not require exhaustion of state <u>administrative</u> remedies.  Nor does Oklahoma law require exhaustion of administrative remedies prior to filing a challenge to the validity of a conviction or sentence in state court.  Okla. Stat. tit. 22, §§ 1080-88 (Post-Conviction Procedure Act).

For these reasons, we hold that the district court properly dismissed the petition for a writ of habeas corpus as untimely.

In order to be entitled to a COA when a petition for habeas corpus has been dismissed on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  AEDPA's statute of limitations is clear as applied to the facts of this case, and Mr. Green has therefore failed to satisfy this standard.

We therefore DENY the application for a COA and DISMISS the appeal.

Petitioner's request to proceed <u>in forma pauperis</u> is GRANTED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Circuit Judge

- 4 -