**Sam Reed SCRUGGS, Petitioner–Appellant,**

v.

**George E. SNYDER, Warden, Respondent–Appellee.**

**No. 01–6591.**

United States Court of Appeals, Sixth Circuit.

Aug. 14, 2002.

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

## ORDER

Sam Reed Scruggs, a federal prisoner confined in the Federal Correctional Institute in Manchester, Kentucky, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury convicted Scruggs of conspiring to possess with intent to distribute cocaine. He was sentenced to 360 months in prison followed by five years of supervised release. A panel of this court affirmed Scruggs's conviction and sentence on direct appeal. *United States v. Scruggs,* No. 93–5460, 1993 WL 513930 (6th Cir. Dec.9, 1993). Since his conviction, Scruggs has filed a motion to vacate under 28 U.S.C. § 2255, two previous petitions under 28 U.S.C. § 2241, and three motions to authorize a second or successive petition. All of his efforts at post-conviction relief have been unsuccessful. Scruggs filed the present § 2241 petition in October 2001. He alleged that: (1) the trial court did not have jurisdiction to impose a sentence on him because the indictment against him designated the offense but not a penalty clause; (2) relief under 28 U.S.C. § 2255 is unavailable; and (3) the Antiterrorism and Effective Death Penalty Act (AEDPA) suspends the writ of habeas corpus in violation of the Constitution. The district court denied the petition summarily, holding that Scruggs had not demonstrated that his remedy under § 2255 was inadequate or ineffective and that the AEDPA did not violate the Suspension Clause.

In his timely appeal, Scruggs argues that a jurisdictional challenge can be brought at any time. He also requests in forma pauperis status on appeal.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we affirm the district court's order for the reasons stated by the district court. Scruggs did not raise a claim of actual innocence or rely on an intervening change in the law. Moreover, neither the denials of his § 2255 petition nor his requests to file second or successive motions to vacate render the remedy under § 2255 inadequate or ineffective. *See id.* at 756–58. In sum, Scruggs's claim that his indictment was defective is not cognizable under § 2241.

We also conclude that the district court properly rejected Scruggs's challenge to the AEDPA. The United States Supreme Court has rejected the argument that the AEDPA's restrictions on successive habeas petitions violate the Suspension Clause. *Felker v. Turpin,* 518 U.S. 651, 663–64, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Because Scruggs was not entitled to relief under § 2241, the district court properly dismissed the petition. *See* 28 U.S.C. § 2243. For the foregoing reasons, we grant Scruggs in forma pauperis status for the limited purpose of deciding this appeal, and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.