**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDWARD ALLEN,

        Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS; J.
HASSENFRITZ; MS. GRAHAM;
COLORADO DEPARTMENT OF
CORRECTIONS; CORRECTIONS
CORPORATION OF AMERICA,

        Defendants-Appellees.

No. 10-1312
(D.C. No. 1:08-CV-02506-ZLW-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

---

Plaintiff Edward Allen, a prisoner in the custody of the Colorado

Department of Corrections, appeals the denial of his motion for a temporary

restraining order. Mr. Allen had brought his 42 U.S.C. § 1983 suit against

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants alleging that their deliberate indifference to his safety violated the Eighth Amendment's prohibition against cruel and unusual punishment. As relief he sought mainly permanent injunctive relief, asking for orders "requiring the defendant to transfer the plaintiff back to [a certain facility Mr. Allen considered safe;] . . . barring the defendants . . . from housing the plaintiff in any private contracted prisons during his incarceration[; and] requiring the defendants . . . to completely segregate all convicted sex offenders from gang members in separate facility(s)." R., Doc. 3 at 8. Mr. Allen subsequently filed a motion seeking "a temporary restraining order to move the plaintiff to a facility . . . were (sic) Gang Violence is not so prevalat (sic) for his protection, and also order that the defendant be ordered not to transfer the plaintiff from said facility during the course of these proceedings." *Id*., Doc. 46 at 1. This appeal is from the district court's denial of that motion.[1]

We must dismiss this appeal because the district court has entered final judgment in favor of defendants, dismissing Mr. Allen's complaint and cause of action with prejudice, *see id*., Doc. 187 at 2,[2] and Mr. Allen has appealed that

---

[1]     Generally, the denial of a temporary restraining order is not appealable. *See Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984) (per curiam). But, here, because "the order in reality operate[d] as [the denial of] a preliminary injunction," *id*. (internal quotation marks omitted), it is appealable, *see* 28 U.S.C. § 1292(a)(1).

[2]     We recognize that the district court's final judgment and Mr. Allen's notice of appeal therefrom were not part of the copy of the record transferred to this

(continued...)

judgment, *see id.*, Doc. 191.[3]  Thus, the district court's order denying the request

for preliminary injunctive relief while the district court case was pending, has

merged with the order dismissing the complaint, given that the complaint sought

the same injunctive relief on a permanent basis.  Accordingly, this appeal from

the order denying temporary injunctive relief must be dismissed.  *See Shaffer v.*

*Carter*, 252 U.S. 37, 44 (1920) (holding that denial of an interlocutory injunction

merged into the final decree and dismissing appeal from denial of the

interlocutory injunction); *Atomic Oil Co. of Okla. v. Bardahl Oil Co.*, 419 F.2d

1097, 1102 n.9 (10th Cir. 1969) ("An order granting or denying an interlocutory

or preliminary injunction is merged in a decree granting or denying a permanent

injunction and when both orders are appealed from, the former will be

dismissed."); *United States v. City of Chicago*, 534 F.2d 708, 711-12 (7th Cir.

1976) (same).  Moreover, it would be impossible to provide Mr. Allen his

requested injunctive relief during the pendency of the district court proceedings,

now that those proceedings have ended.  Consequently, his appeal is moot.  *See*

---

[2](...continued)
court.  Assuming for the sake of argument that they are not part of the record on
appeal, we still have authority to review them because we may take judicial notice
of public records, such as district court filings.  *See United States v. Smalls*,
605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice of district court
record that was not part of the record on appeal).

[3]      This court has assigned Mr. Allen's appeal Case No. 11-1020.  The docket
shows that Mr. Allen has filed his notice of appearance and that his opening brief
and filing fee (or request to proceed without prepayment of fees) are due on or
before March 30, 2011.

*N. Natural Gas Co. v. Trans Pacific Oil Corp.*, 529 F.3d 1248, 1250 & n.1 (10th Cir. 2008) (dismissing as moot an appeal from denial of a preliminary injunction following appeal from denial of a motion for permanent injunction).

The appeal is DISMISSED. Mr. Allen's Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees is GRANTED and he is reminded of his continuing obligation to make partial payments until the filing fee is paid in full. Mr. Allen's Motion to Transport Transcripts is DENIED as moot.

Entered for the Court


Terrence L. O'Brien
Circuit Judge